UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JAMES E. PHILLIPS,

    Petitioner,

v.                                                 CAUSE NO. 3:18-CV-1021-DRL-MGG

WARDEN,

    Respondent.

OPINION & ORDER

Following a disciplinary prison hearing, James E. Phillips filed a habeas corpus petition to which the Warden responded by requesting that it be dismissed for lack of jurisdiction. For the reasons stated below, the court grants the motion.

Mr. Phillips is serving a 55-year prison sentence. A correctional officer charged him with destruction of state property, in case WCU 18-09-0076, after a sprinkler was damaged inside his cell. ECF 10-1. On September 14, 2018, a Disciplinary Hearing Officer (DHO) held a hearing and found Mr. Phillips guilty. The DHO sanctioned Mr. Phillips with a 30-day loss of phone and commissary privileges, an order of $239 in restitution, and a suspended 30-day loss of good-time credit. ECF 10-4. On December 17, 2018, Mr. Phillips filed this *pro se* habeas corpus petition claiming that he was innocent of the charge and that the DHO deprived him of due process. ECF 1.

Meanwhile, though prison officials have six months to enforce a suspended sentence,[1] they never effectuated the loss of good-time credit against Mr. Phillips (ECF 10-7 at 2, 17; ECF 10-9) and

---

[1] A DHO may suspend all or part of the sanctions imposed. *See* Disciplinary Code for Adult Offenders, IDOC Policy & Administrative Procedures NO. 02-04-101, § IX(E)(3)(d), at 37 (June 1, 2015), available at https://www.in.gov/idoc/files/02-04-101_The_Disciplinary_Code_for_Adult_Offenders___6-1-2015.pdf (last visited March 19, 2020). If convicted of another Class A or B offense within six months of the hearing at which the suspended sanction was levied, "the offender shall have the full and entire suspended sanction(s) invoked." *Id.* The sanction becomes unenforceable once the six-month period expires. *Id.*

the time for such enforcement (March 13, 2019) has now passed. Since he is now outside the six-month window, Mr. Phillips cannot lose any good-credit time as a result of the discipline in case WCU 18-09-0076. This renders Mr. Phillips's habeas corpus petition moot. *See Cochran v. Buss*, 381 F.3d 637, 640 (7th Cir. 2004); *White v. Ind. Parole Bd.*, 266 F.3d 759, 763 (7th Cir. 2001).

That Mr. Phillips protests the loss of phone and commissary privileges and having to pay $239 for the sprinkler changes nothing. These penalties didn't lengthen the duration of his incarceration, so cannot be challenged in a habeas corpus petition. *See Cochran v. Buss*, 381 F.3d 637, 639 (7th Cir. 2004).

For these reasons, the court:

(1) GRANTS the Warden's motion to dismiss (ECF 10);

(2) DENIES James E. Phillips's "motion to dismiss in petitioner's favor" (ECF 12);

(3) DENIES James E. Phillips's motion for funds to be reimbursed to petitioner's trust account (ECF 20); and

(4) DIRECTS the Clerk to CLOSE this case.

SO ORDERED.

March 23, 2020               *s/ Damon R. Leichty*
                         Judge, United States District Court